UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KEITH O. STODDARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 11-1050 (ABJ) |
| | ) | |
| U.S. PAROLE COMMISSION, | ) | |
| | ) | |
| Respondent. | ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on Keith O. Stoddard's petition for a writ of habeas corpus and the respondent's motion to dismiss. For the reasons discussed below, the Court will grant the respondent's motion.

I.  BACKGROUND

After having served a term of imprisonment imposed by the Superior Court of the District of Columbia on August 7, 1990, the petitioner was released on mandatory parole on August 4, 2010. United States' Motion to Dismiss Petitioner's Petition for a Writ of Habeas Corpus ("Resp't's Opp'n"), Ex. 1 (Sentence Monitoring Computation Data) at 2. At that time, 270 days of the sentence remained, and petitioner was to remain under parole supervision until May 1, 2011, the full-term date. *See id.*, Ex. 1 at 2.

On March 24, 2011, in Alexandria, Virginia, the petitioner was arrested and charged with driving under the influence of alcohol. Resp't's Opp'n, Ex. 2 (Warrant Application dated April 4, 2011) at 1. Based on this arrest, the United States Parole Commission ("Commission") issued

1

a parole violator warrant on April 4, 2011, *id.*, Ex. 2 (Warrant), with instructions that the warrant be held in abeyance pending the outcome of criminal proceedings in Virginia, *id.*, Ex. 2 (Memorandum to Community Supervision Officer from J.S. Jackson, Case Analyst, U.S. Parole Commission, dated April 4, 2011).  Further, the Commission instructed that the petitioner was to remain under parole supervision "until the Full Term Date in a normal manner notwithstanding issuance of this abeyance warrant."  *Id.*, Ex. 2 (Memorandum) (emphasis removed).  Notwithstanding these instructions, the warrant was executed in error.  *See id.* at 2.

"On April 22, 2011, the petitioner self-surrendered on a parole violator warrant issued by [the Commission]."  Pet. at 4.  "On April 23, 2011, petitioner was transported to D.C. Jail and on April 25, 2011, petitioner signed the Warrant Application."  Pet'r's Am. to Writ of Habeas Corpus at 2.  Petitioner alleged violations of his right to due process because he had been held for several weeks without having been afforded a timely probable cause or a revocation hearing.  *See generally* Pet. at 4.

Acknowledging that the "abeyance warrant . . . was executed contrary to Commission instruction," the Commission ordered the petitioner's release on July 6, 2011.  *Id.*, Ex. 3 (Notice of Action dated July 6, 2011).  By that time, the petitioner's full-term date had passed, and his term of supervision had expired.

## II.  DISCUSSION

The petitioner demands that the Commission either conduct a hearing or effect his immediate release.  Pet. at 4.  At this juncture, however, the petitioner already has received the relief he demanded.  His term of supervision has ended, and he has been released from custody.  Accordingly, the Court deems the petition moot.  *See Lane v. Williams*, 455 U.S. 624, 631 (1982)

(finding that an attack on sentences which expired during course of habeas proceedings rendered the case moot); *Kimberlin v. U.S. Parole Comm'n*, No. 03-5017, 2004 WL 885215 at *1 (D.C. Cir. Apr. 22, 2004) (per curiam) (finding moot a habeas petition challenging Commission's decisions to revoke parole and to delay reparole because petitioner had been "released from the confinement imposed as a result of those decisions"); *Abdussamadi v. Harris*, No. 02-5076, 2003 WL 880993, at *1 (D.C. Cir. Feb. 23, 2005) (per curiam) ("Now that appellant has been released on parole, his claims are moot because they no longer present a case or controversy as required by Article III."); *Thorndyke v. Washington*, 224 F. Supp. 2d 72, 74 (D.D.C. 2002) (concluding that petitioner's claim of unlawful custody before his revocation hearing and findings of fact on charge of parole violation found moot after issuance of corrected Notice of Action).

    The petition for a writ of habeas corpus is moot, and the respondent's motion to dismiss will be granted.  An Order consistent with this Memorandum Opinion will be issued separately on this same date.

AMY BERMAN JACKSON<br>
United States District Judge

DATE:  December 14, 2011